UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| SCOTT B. BRALL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | _____ |
| v. | : | |
| | : | |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY, | : | Jury Trial Demanded |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff, Scott B. Brall and files this Complaint against Defendant Norfolk Southern Railway Company, respectfully showing this Court as follows:

### Nature of the Case - Jurisdiction - Parties

1.

Plaintiff Scott B. Brall is a citizen and resident of the State of Tennessee, residing in Johnson City, Tennessee.

2.

Defendant Norfolk Southern Railway Company ("NSRC") is a common carrier by rail and a Virginia corporation with its principal place of business in Virginia, doing business in the State of Virginia with railroad lines, tracks, and rolling stock operating within this District and within the jurisdiction of this Court. Defendant can be served in this case through its registered agent in the State of Virginia, Roger A. Petersen, Three Commercial Place, Norfolk, Virginia 23510.

3.

This action is maintained pursuant to 45 U.S.C. § 51-60 (commonly referred to as the Federal Employers' Liability Act-FELA) and pursuant to applicable federal, regulatory, and common law.

4.

Jurisdiction and Venue are proper within this District pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391, as the events and omissions giving rise to the claim occurred in Scott County, Virginia.

**Statement of Facts**

5.

On April 22, 2016, at approximately 2:45 p.m. Plaintiff sustained serious and permanent injuries, including but not limited to injuries and trauma to his back and head, while on the job and working in the course and scope of his employment as a conductor for NSRC in Yuma, Scott County, Virginia.

6.

Plaintiff was at all times pertinent to the Complaint and this action an employee of Defendant NSRC.

7.

On April 22, 2014, Plaintiff Scott B. Brall was assigned as a conductor on a NSRC three-person crew working train T08T122 from Frisco Yard to Yuma, Virginia.

8.

On that day at the time of the incident, Plaintiff Scott B. Brall was performing his duties as a conductor on a NSRC locomotive at Yuma, Virginia.

9.

While performing his duties, Plaintiff was required to release a handbrake on Norfolk Southern locomotive NS3559 ("the locomotive").

10.

Plaintiff released the handbrake on the locomotive and turned to take a step from the handbrake and as doing so, Plaintiff slipped and fell in oil, grease, and/or a slick/black foreign substance on the walkway of the locomotive.

11.

Plaintiff fell onto his back and buttocks and struck his head on the nose of the engine, and suffered injuries to his back and head.

12.

Plaintiff properly reported the incident and injuries to his employer NSRC.

## Count I

## FELA NEGLIGENCE CLAIM

13.

Plaintiff re-alleges paragraphs 1-12 as if each was set forth in its entirety.

14.

NSRC has a non-delegable duty to provide its employees, including Plaintiff, with a reasonably safe place to work pursuant to the Federal Employers' Liability Act (FELA).

15.

Pursuant to the FELA, NSRC is liable for damages to an employee suffering injuries resulting in whole or in part from the negligence of its officers, agents or employees by failing to provide a reasonably safe place to work including but not limited to any hazards created by or related to walkways or passageways of its locomotives.

16.

Before the incident, NSRC knew or reasonably should have known the locomotive was unsafe and had a substance that was unsafe, unreasonable to be present and could cause an employee to slip and fall and suffer injuries.

17.

Defendant, acting through its agents, servants, and/or employees, breached its duty under the FELA by negligently failing to provide Plaintiff with a reasonably safe place to work and failing to properly inspect and maintain the walkway of the locomotive involved in this incident.

18.

Despite knowledge that the substance on the locomotive posed a hazard to employees working in and around the locomotive walkway, NSRC failed to properly inspect the walkway, identify the hazard, eliminate the hazard, and protect its employees, including Plaintiff.

19.

NSRC failed to warn Plaintiff of the dangers associated with the unsafe walkway on the locomotive, knowing that Plaintiff and other employees would be required to walk on the locomotive in the furtherance of their duties for NSRC.

20.

As a direct result of NSRC's negligence under the FELA as set forth above, Plaintiff sustained serious and permanent injuries, incurred medical expenses, has lost wages and fringe benefits and has suffered diminished future earning power. In addition, Plaintiff has experienced mental and physical pain and suffering, and will continue to endure pain and suffering in the future.

## Count II:

## LOCOMOTIVE INSPECTION ACT VIOLATIONS

## STRICT LIABILITY

21.

Plaintiff re-alleges paragraphs 1-20 as if each was set forth in its entirety.

22.

The presence of a foreign substance on the locomotive walkway constitutes a violation of the Locomotive Inspection Act, 49 U.S.C. § 20701, *et seq.* and 49 CFR § 229.119(c), which requires passageways (walkways) on the locomotive to be kept free of oil, water or any obstruction that creates a slipping or tripping hazard for employees such as Plaintiff.

23.

The foreign substance present on the locomotive passageway (walkway) at the time of the incident created and presented a slipping and/or tripping hazard on the engine and caused Plaintiff to slip and be injured after he had released the handbrake on the locomotive.

24.

The locomotive was defective as a foreign substance was on the walkway passageway of the locomotive in violation of the Locomotive Inspection Act.

25.

NSRC is therefore strictly liable to Plaintiff for all injuries suffered by Plaintiff.

26.

The locomotive that Plaintiff dismounted was in use at the time of his injury.

27.

As a direct result of NSRC's statutory violations, including violating the Locomotive Inspection Act as set forth above for which NSRC is strictly liable, Plaintiff sustained serious and permanent injuries, incurred medical expenses, has lost wages and fringe benefits and has suffered diminished future earning power. In addition, Plaintiff has experienced mental and physical pain and suffering, and will continue to endure pain and suffering in the future.

## Count III:
## CAUSATION

28.

Plaintiff re-alleges paragraphs 1- 27 as if each was set forth in its entirety.

29.

As a result of Defendant's negligence, failure to provide Plaintiff with a reasonably safe place to work, and statutory violations as detailed above, Plaintiff suffered injuries, including but not limited to injuries to his back and head.

30.

Defendant NSRC thus violated the provisions of the Federal Employers' Liability Act in that Defendant NSRC failed to provide Plaintiff with a reasonably safe place in which to work and the Locomotive Inspection Act, and this negligence and violation caused, in whole or in part, Plaintiff's injuries, and NSRC is strictly liable to Plaintiff for his damages.

## **DAMAGES**

31.

Plaintiff shows that as a result of the actions and/or inactions of the Defendants as described above, including violations of the FELA and the Locomotive Inspection Act, he sustained severe and permanent mental and physical injuries including but not limited to injuries to his back and head, including a traumatic brain injury. As a result of his injuries, Plaintiff has undergone extensive medical treatment including surgery, and in all likelihood he will undergo additional medical treatment for his injuries in the future. Plaintiff's injuries are permanent and disabling in nature, and Plaintiff has suffered and will continue to suffer severe pain and mental anguish in the future. Plaintiff has incurred medical expenses in the past and will incur medical expenses in the future. Plaintiff has lost wages in the past and will lose wages in the future, and Plaintiff's power and capacity to work and earn money in the future has been permanently impaired.

32.

Plaintiff claims damages against the Defendant in an amount to be shown by the evidence at trial for his injuries, for his pain and suffering, past, present, and future, mental and physical, for his medical expenses past and future, for his lost past and future wages and fringe benefits, and for his loss of earning capacity in the future.

WHEREFORE, Plaintiff prays that he have judgment against the Defendant and that he be granted the following relief:

A. That he be awarded special and general damages in an amount to fully and fairly compensate him for his injuries;

B. That the cost of this litigation be assessed against the Defendant; and

C. That this Court grant such other and further relief as it deems just and proper.

-7-

Case 2:17-cv-00017-MFU-PMS    Document 1    Filed 06/09/17    Page 7 of 8    Pageid#: 7

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

By: */s/ Mark T. Hurt*
Virginia Bar No. 36380
THE LAW OFFICES OF MARK T. HURT
159 West Main Street
Abingdon, Virginia 24210
Tel: (276) 623-0808
Fax: (276) 623-0212

-AND-

**STEEL & MOSS, LLP**
John D. Steel *(pro hac motion to be filed)*
Georgia Bar No. 677646
John A. Moss *(pro hac motion to be filed)*
Georgia Bar No. 526579
The Fountains at Piedmont Center
3495 Piedmont Road, N.E.
Building 11, Suite 905
Atlanta, Georgia 30305
Tel: (404) 264-1292
Fax: (404) 264-0161

*Attorneys for Plaintiff*